```
           W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
                            CIVIL CASE DOCKETS
Webb County Courts - Live                                              PAGE
DATE    9/20/16                                                        MV0260
TIME   13:39:56                                                        DCRAG

================================================================================
CASE NUMBER . . . . : 2016CVF002246 D2   CASE TYPE :  F01  CONSUMER/DTPA
PLAINTIFF . . . . . : LOPEZ,CRESCENCIO,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFFS ATTORNEY : POLLOM,ROBERT,A,              PHONE NUMBER: 000-000-0(
ADDRESS . . . . . . : 16500 SAN PEDRO STE 302
                      SAN ANTONIO                   TX  78232

   VS.

DEFENDANT NAME  . . : ASI LLOYDS,,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . : 700 NORTH PEARL STREET 25TH FLOOR
                      DALLAS                        TX  75201
DRIVERS LICENSE # . :
CASE STATUS . . . . : Active       STATUS DATE . . . : 8/24/2016
CASE DISPOSITION  . :              DISPOSITION DATE  :

DEFENDANT NAME  . . : PIERCE,DAVID,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . : 196 PECAN LOOP
                      MCQUEENEY                     TX  78123
DRIVERS LICENSE # . :
CASE STATUS . . . . : Active       STATUS DATE . . . : 8/24/201
CASE DISPOSITION  . :              DISPOSITION DATE  :

ENTRY/FILING DATE . : 8/24/2016

JUDGE . . . . . . . : M.Z.Notzon
HEARING TYPE  . . . :
ADMIN. TERM. CODE . :              IND. TERM. CODE . :

COMPLAINT . . . . . : *IMG* CONTRACT
COMPLAINT DATE  . . : 8/24/2016   COMPLAINT AMOUNT  :
INTEREST DATE . . . :             INTEREST RATE . . :
REIMBURSE COSTS . . : NO
COUNTER CLAIM ORI#  :             COUNTER CLAIM CASE:
TRUSTEESHIP ORI#  . :             TRUSTEESHIP CASE  :
GARNISHMENT ORI#  . :             GARNISHMENT CASE  :

ACTIVITY DATE  ACTIVITY DESCRIPTION                            ACTIVITY T)
-------------  --------------------------------------------    -----------
 8/24/2016    Case Status                                      CaseStatus
     Case Status entered as ACTV.
     Case Status ACTV: Active
     For ASI LLOYDS
              Complaint                                        Complaint
     *IMG* CONTRACT
```



```
            W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
                         CIVIL CASE DOCKETS
Webb County Courts - Live                                    PAGE
DATE    9/20/16                                              MV0260
TIME   13:39:56                                              DCRAG

================================================================================
CASE NUMBER . . . . : 2016CVF002246 D2    CASE TYPE :  F01  CONSUMER/DTPA

 8/29/2016    Court Case Assignment                         Case Assgn
      Court date/time: 11/01/2016  11:00   Hearing Type:   17 Clndr Call
      Assignment of court date/time.
      Status entered as Open

 8/31/2016    Hearing                                       Hearing
      *IMG* CALENDAR CALL FAXED TO ATTORNEY ROBERT POLLOM. (GG)
            Issuance                                         Issuance
      *IMG* 4 CITATIONS ISSUED AS TO ASI LLOYDS AND DAVID PIERCE AND SENT
      BACK IN SELF ADDRESSED STAMPED ENVELOPE. (GG)

 9/12/2016    Returns                                        Returns
      *IMG* CITATION RETURNED EXECUTED AS TO ASI LLOYDS.
      DOS: 9/7/16                                      (AMH)

 9/13/2016    Returns                                        Returns
      *IMG* CITATION RETURNED EXECUTED AS TO DAVID PIERCE.
      DOS: 09/12/16
      RAG

 9/14/2016    Filing Papers                                 File Paprs
      *IMG* LETTER FROM ATTORNEY LADONNA G. SCHEXNYDER DATED 09/14/16
      IN RE: REQUEST AND PAYMENT FOR COPIES OF ENTIRE FILE.
      RAG

      COPIES NOT PRINTED UNTIL SELF ADDRESSED STAMPED ENVELOPE IS RECEIVED.
      RAG

 9/20/2016    Filing Papers                                 File Paprs
      *IMG* COPY OF LETTER FROM ATTORNEY LADONNA SCHEXNYDER DATED 09/14/16.
      IN RE: SELF ADDRESSED STAMPED ENVELOPE FOR COPIES. RAG
```

Filed
8/24/2016 3:19:03 PM
Esther Degollado
District Clerk
Webb District
Gloria Noriega
2016CVF002246D2

CAUSE NO._____

| | | |
|---|---|---|
| CRESCENCIO LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| ASI LLOYDS AND DAVID PIERCE | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff CRESCENCIO LOPEZ, files this Original Petition against ASI LLOYDS ("ASI" or the "INSURANCE DEFENDANT"), and DAVID PIERCE ("PIERCE" or "ADJUSTER DEFENDANT" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Webb County, Texas.

Defendant ASI is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

A True copy of the original. I certify.
_____ day of September, 20 16

ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By _____ Deputy



- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent Rodney D. Bucker, 700 North Pearl Street, 25th Floor, Dallas, Texas 75201, or wherever else he may be found.

Defendant, DAVID PIERCE, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 196 Pecan Loop, McQueeney, Texas 78123, or wherever else he may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Webb County, Texas because all or part of the conduct giving rise to the causes of action were committed in Webb County, Texas and the Plaintiff and property which is the subject of this suit are located in Webb County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 5210 Rains Dr, Laredo, Texas 78043 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

2

During the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a

3

violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

4

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

V.

## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.    BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the

5

Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

## B.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### 1.   UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2.   THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

6

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT

## A.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE

Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, PIERCE, the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and his

7

agents constitute one or more violations of the Texas Insurance Code.  More specifically,

the ADJUSTER DEFENDANT has, among other violations, violated the following

provisions of the Code:

> 1.  Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).
>
> 2.  Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE

DEFENDANT assigned the loss and the claim to DAVID PIERCE who was at all pertinent

times the agent of the INSURANCE DEFENDANT, through both actual and apparent

authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are

attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiff's property on or about February 24,

2016.    During the inspection, ADJUSTER DEFENDANT was tasked with the

responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, Pierce, ignored covered damages including but not limited to the main house roof, exterior damages to the home, living room, dining room, soffit and fascia. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about February 25, 2016, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As

9

a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

10

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

11

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

12

## XI.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT

1) Produce ADJUSTER DEFENDANT's complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the ADJUSTER DEFENDANT, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in the INSURANCE DEFENDANT'S possession. Please produce a privilege log for any items withheld on a claim of privilege.

## XIII.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel

states that the damages sought are in an amount within the jurisdictional limits of this

Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states

that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more

13

than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XIV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:   (210) 490-7402
Facsimile:   (210) 490-8372

BY:  */s/ Robert A. Pollom*
Robert A. Pollom
State Bar No. 24041703
robert@krwlawyers.com

ATTORNEY FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

14

Filed
8/24/2016 3:19:03 PM
Esther Degollado
District Clerk
Webb District
Gloria Noriega
2016CVF002246D2

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED Crescencio Lopez v. ASI Lloyds & David Pierce
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name**: Robert A Pollom  **Email**: Stefanie@krwlawyers com | **Plaintiff(s)/Petitioner(s):** Crescencio Lopez | [X] Attorney for Plaintiff/Petitioner [ ] *Pro Se* Plaintiff/Petitioner [ ] Title IV-D Agency [ ] Other _____ |
| **Address**: 16500 San Pedro, Suite 302  **Telephone**: (210) 490-7402 | | Additional Parties in Child Support Case: |
| **City/State/Zip**: San Antonio, TX 78232  **Fax**: (210) 490-8372 | **Defendant(s)/Respondent(s):** ASI Lloyds and David Pierce | Custodial Parent: Non-Custodial Parent: |
| **Signature:**  **State Bar No:** 24041703 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| | Civil | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* [X] Consumer/DTPA [ ] Debt/Contract [ ] Fraud/Misrepresentation [ ] Other Debt/Contract | [ ] Assault/Battery [ ] Construction [ ] Defamation *Malpractice* [ ] Accounting [ ] Legal [ ] Medical [ ] Other Professional Liability | [ ] Eminent Domain/ Condemnation [ ] Partition [ ] Quiet Title [ ] Trespass to Try Title [ ] Other Property | [ ] Annulment [ ] Declare Marriage Void *Divorce* [ ] With Children [ ] No Children | [ ] Enforcement [ ] Modification—Custody [ ] Modification—Other |
| *Foreclosure* [ ] Home Equity—Expedited [ ] Other Foreclosure [ ] Franchise [ ] Insurance [ ] Landlord/Tenant [ ] Non-Competition [ ] Partnership [ ] Other Contract | [ ] Motor Vehicle Accident [ ] Premises *Product Liability* [ ] Asbestos/Silica [ ] Other Product Liability List Product: _____ [ ] Other Injury or Damage | **Related to Criminal Matters** [ ] Expunction [ ] Judgment Nisi [ ] Non-Disclosure [ ] Seizure/Forfeiture [ ] Writ of Habeas Corpus— Pre-indictment [ ] Other | **Title IV-D** [ ] Enforcement/Modification [ ] Paternity [ ] Reciprocals (UIFSA) [ ] Support Order |
| | | | **Other Family Law** [ ] Enforce Foreign Judgment [ ] Habeas Corpus [ ] Name Change [ ] Protective Order [ ] Removal of Disabilities of Minority [ ] Other | **Parent-Child Relationship** [ ] Adoption/Adoption with Termination [ ] Child Protection [ ] Child Support [ ] Custody or Visitation [ ] Gestational Parenting [ ] Grandparent Access [ ] Parentage/Paternity [ ] Termination of Parental Rights [ ] Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| [ ] Discrimination [ ] Retaliation [ ] Termination [ ] Workers' Compensation [ ] Other Employment: | [ ] Administrative Appeal [ ] Antitrust/Unfair Competition [ ] Code Violations [ ] Foreign Judgment [ ] Intellectual Property | [ ] Lawyer Discipline [ ] Perpetuate Testimony [ ] Securities/Stock [ ] Tortious Interference [ ] Other _____ | | |

| **Tax** | *Probate & Mental Health* | |
|---|---|---|
| [ ] Tax Appraisal [ ] Tax Delinquency [ ] Other Tax | *Probate-Wills/Intestate Administration* [ ] Dependent Administration [ ] Independent Administration [ ] Other Estate Proceedings | [ ] Guardianship—Adult [ ] Guardianship—Minor [ ] Mental Health [ ] Other _____ |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court [ ] Arbitration-related [ ] Attachment [ ] Bill of Review [ ] Certiorari [ ] Class Action | [ ] Declaratory Judgment [ ] Garnishment [ ] Interpleader [ ] License [ ] Mandamus [ ] Post-judgment | [ ] Prejudgment Remedy [ ] Protective Order [ ] Receiver [ ] Sequestration [ ] Temporary Restraining Order/Injunction [ ] Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[X] Over $100,000 but not more than $200,000
[ ] Over $200,000 but not more than $1,000,000
[ ] Over $1,000,000

Rev 2/13



16500 San Pedro, Suite 302
San Antonio, TX 78232
Phone: (210) 490-4357
Toll Free: (888) 315-3997
Fax: (210) 490-8372
KRWLAWYERS.COM

Kevin S. Baker TX
Philip G. Bernal* TX
Perry J. Dominguez, II TX
Taylor W. Harper TX
Joshua Hailey TX
David M. Kelner PA
Douglas D. Ketterman* TX, PA
Matthew D. Ketterman* TX, MN
Michelle C. Le TX, MS

Desiree Marrufo TX    Filed
8/24/2016 3:19:03 PM
Jay Esther Degollado
Robert F. Mulholland District Clerk
Robert A. Pollom Webb District
Michael R. Boyler Gloria Noriega
Brian C. Steward
Ryan A. Todd TX, DC 2016CVF002246D2
R. Scott Westlund TX

*Board Certified - Personal Injury Trial Law Texas Board of Legal Specialization

August 24, 2016

Esther Degollado                                          *Via E-filing*
Webb County District Clerk
1110 Victoria St, Suite 203
Laredo, Texas 78040

RE:    **NEW LAWSUIT – Crescencio Lopez v. ASI Lloyds and David Pierce**

Dear Ms. Degollado:

With regard to the above-referenced matter, please issue two (2) citations for service on the following Defendant:

**ASI Lloyds
By serving its registered agent
Rodney D. Bucker
700 North Pearl Street, 25th Floor
Dallas, Texas 75201**

**And**

**David Pierce
196 Pecan Loop
McQueeney, Texas 78123**

The fee for said citations has been satisfied with the filing of the petition. Upon receiving a copy of the file stamped petition, we will in return, mail a copy of the petition along with a self-addressed, stamped envelope to your office for the return of the citations. We will perfect service by private process.

Should you have any questions, please do not hesitate to contact this office at your earliest convenience.

Respectfully,

/s/ Yvette Banda

Yvette Banda
Legal Assistant

/yb

---



MONICA Z. NOTZON
JUDGE, 111TH DISTRICT COURT
1110 VICTORIA SUITE #301 3RD FLOOR
LAREDO, TEXAS 78040
OFFICE (956)523-4230
FAX (956)523-5088

ABEL SOLIZ
CIVIL COURT COORDINATOR
(956)523-4226

FERNANDO RAMOS
BAILIFF
(956)523-4227

August 31, 2016

CAUSE NO.: 2016CVF002246 D2

STYLE: CRESCENCIO LOPEZ

VS

ASI LLOYDS AND DAVID PIERCE

## NOTICE OF CALENDAR CALL

Please take notice that this case is set for Calendar Call on ___11/01/2016___

at 11:00 AM at the 111th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Monica Z. Notzon. Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Abel Soliz
Civil Court Coordinator
111th District Court

DC:

A True copy of the original, I certify,
the _20th_ day of _September_ 20 _16_
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By _____ Deputy



## ** Transmit Confirmation Report **

P.1                                                    Sep  1 2016 11:40am
WEBB CO DISTRICT CLERK Fax:956-523-5121

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 912104908372 | Fine | 01.11:40am | 0'28" | 1 | # O K | |



MONICA Z. NOTZON
JUDGE, 111ᵀᴴ DISTRICT COURT
1110 VICTORIA SUITE #301 3ᴿᴰ FLOOR
LAREDO, TEXAS 78040
OFFICE (956)523-4230
FAX (956)523-5088

ABEL SOLIZ
CIVIL COURT COORDINATOR
(956)523-4226

FERNANDO RAMOS
BAILIFF
(956)523-4227

August 31, 2016

CAUSE NO.:    2016CVF002246 D2

STYLE:    CRESCENCIO LOPEZ

VS

ASI LLOYDS AND DAVID PIERCE

## NOTICE OF CALENDAR CALL

Please take notice that this case is set for Calendar Call on ___11/01/2016___

at 11:00 AM at the 111ᵗʰ District Court, 3ʳᵈ Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable
Judge Monica Z. Notzon. Your presence is MANDATORY unless Counsel for Plaintiff(s) and
Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures
prior to calendar call date. This guideline order should have all appropriate dates including
pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may
be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial
guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Abel Soliz
Civil Court Coordinator
111ᵗʰ District Court

RETURN
2016CVF002246 D2

## CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   ASI LLOYDS
      BY SERVING ITS REGISTERED AGENT: RODNEY D. BUCKER
      700 NORTH PEARL STREET 25TH FLOOR
      DALLAS,   TX 75201       OR       WHEREVER ELSE HE MAY BE FOUND.

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111TH DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF002246 D2 , styled:
      CRESCENCIO LOPEZ, PLAINTIFF
      VS.
      ASI LLOYDS AND DAVID PIERCE, DEFENDANT
Said Plaintiff's Petition was filed on 08/24/2016 in said court by:
      ROBERT A POLLOM, ATTORNEY FOR PLAINTIFF
      16500 SAN PEDRO STE 302
      SAN ANTONIO,   TX 78232

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 31 day of August, 2016.

### C   L   E   R   K      O   F      C   O   U   R   T

CALENDAR CALL COURT DATE:
11/01/2016 AT 11:00A.M.

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____
GLORIA G. NORIEGA        DEPUTY

A True copy of the original, I certify,
20th ___ day of September 20 16
ESTHER DEGOLLADO
Clerk of the District Courts and
ty Court at Law, Webb County, Texas
_____ Deputy



2016CVF002246 D2

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2016, by delivering to the within
named **ASI LLOYDS**, each, in person, a true copy of this citation
together with the accompanying copy of the petition, having first
attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.


_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS


BY _____
DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB     }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


_____
NOTARY PUBLIC
MY COMMISSION EXPIRES _____

**SERVE**
**2016CVF002246 D2**

## CITATION

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO:  ASI LLOYDS**
**BY SERVING ITS REGISTERED AGENT: RODNEY D. BUCKER**
**700 NORTH PEARL STREET 25TH FLOOR**
**DALLAS,    TX 75201        OR        WHEREVER ELSE HE MAY BE FOUND.**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111TH DISTRICT COURT** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF002246 D2 , styled:
**CRESCENCIO LOPEZ, PLAINTIFF**
**VS.**
**ASI LLOYDS AND DAVID PIERCE, DEFENDANT**
Said Plaintiff's Petition was filed on 08/24/2016 in said court by:
**ROBERT A POLLOM, ATTORNEY FOR PLAINTIFF**
**16500 SAN PEDRO STE 302**
**SAN ANTONIO,    TX 78232**

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 31 day of August, 2016.

**C  L  E  R  K    O  F    C  O  U  R  T**

| CALENDAR CALL COURT DATE:
11/01/2016 AT 11:00A.M. |

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____
GLORIA G. NORIEGA

2016CVF002246 D2

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2016, by delivering to the within
named **ASI LLOYDS**, each, in person, a true copy of this citation
together with the accompanying copy of the petition, having first
attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.


_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS


BY _____
                          DEPUTY


**THE STATE OF TEXAS }**
**COUNTY OF WEBB     }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


_____
                          NOTARY PUBLIC
MY COMMISSION EXPIRES _____

`RETURN
2016CVF002246 D2

## CITATION

**THE STATE OF TEXAS**

**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO: DAVID PIERCE**
**196 PECAN LOOP**
**MCQUEENEY, TEXAS 78123 OR WHEREVER ELSE HE MAY FOUND.**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111TH DISTRICT COURT** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF002246 D2 , styled:

**CRESCENCIO LOPEZ, PLAINTIFF**
**VS.**
**ASI LLOYDS AND DAVID PIERCE, DEFENDANT**
Said Plaintiff's Petition was filed on 08/24/2016 in said court by:
**ROBERT A POLLOM, ATTORNEY FOR PLAINTIFF**
**16500 SAN PEDRO STE 302**
**SAN ANTONIO, TX 78232**

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 31 day of August, 2016.

**C L E R K O F C O U R T**

| **CALENDAR CALL COURT DATE:** |
| **11/01/2016 AT 11:00A.M.** |

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____
GLORIA G. NORIEGA

2016CVF002246 D2

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2016, by delivering to the within
named **DAVID PIERCE**, each, in person, a true copy of this citation
together with the accompanying copy of the petition, having first
attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                              DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.

.

_____
                    NOTARY PUBLIC
MY COMMISSION EXPIRES _____

**SERVE**
**2016CVF002246 D2**

## CITATION

**THE STATE OF TEXAS**

**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO: DAVID PIERCE**
**196 PECAN LOOP**
**MCQUEENEY, TEXAS  78123  OR  WHEREVER ELSE HE MAY FOUND.**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111TH DISTRICT COURT** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF002246 D2 , styled:
    **CRESCENCIO LOPEZ, PLAINTIFF**
    **VS.**
    **ASI LLOYDS AND DAVID PIERCE, DEFENDANT**
Said Plaintiff's Petition was filed on 08/24/2016 in said court by:
    **ROBERT A POLLOM, ATTORNEY FOR PLAINTIFF**
    **16500 SAN PEDRO STE 302**
    **SAN ANTONIO,  TX 78232**

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 31 day of August, 2016.

**C  L  E  R  K    O  F    C  O  U  R  T**

| |
|---|
| **CALENDAR CALL COURT DATE:** |
| **11/01/2016 AT 11:00A.M.** |

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____  DEPUTY
    GLORIA G. NORIEGA

2016CVF002246 D2

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2016, by delivering to the within
named **DAVID PIERCE**, each, in person, a true copy of this citation
together with the accompanying copy of the petition, having first
attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                              DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB    }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.

_____
                               NOTARY PUBLIC
MY COMMISSION EXPIRES _____

Filed
9/12/2016 12:00:43 PM
Esther Degollado
District Clerk
**RETURN** Webb District
2016CVF002246 D2  Ito Hernandez
2016CVF002246D2

## CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.
IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO
ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION
OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT
JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  ASI LLOYDS
     BY SERVING ITS REGISTERED AGENT: RODNEY D. BUCKER
     700 NORTH PEARL STREET 25TH FLOOR
     DALLAS,   TX 75201      OR        WHEREVER ELSE HE MAY BE FOUND.

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY
COMMANDED TO APPEAR BEFORE THE 111TH DISTRICT COURT of Webb County, Texas,
to be held at the said courthouse of said county in the city of Laredo, Webb
County, Texas, by filing a written answer to the Petition of Plaintiff at or
before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days
after the date of service thereof, a copy of which accompanies this citation,
in the Cause #: 2016CVF002246 D2 , styled:
     CRESCENCIO LOPEZ, PLAINTIFF
     VS.
     ASI LLOYDS AND DAVID PIERCE, DEFENDANT
Said Plaintiff's Petition was filed on 08/24/2016 in said court by:
     ROBERT A POLLOM, ATTORNEY FOR PLAINTIFF
     16500 SAN PEDRO STE 302
     SAN ANTONIO,   TX 78232

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued
and given under my hand and seal of said court at office, this 31 day
of August, 2016.

### C L E R K   O F   C O U R T

CALENDAR CALL COURT DATE:
11/01/2016 AT 11:00A.M.

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

A True copy of the original. I certify
the 20th day of September 20 16
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County, Texas
By: _____ Deputy

BY: _____
    GLORIA G. NORIEGA      DEPUTY





State of Texas                   County of Webb                 111th District Court
                                                                Cause # 2016CVF002246 D2

# OFFICER'S RETURN

Came to hand on the 02nd day of September, 2016 , at 02:52 o'clock P.M.

Executed at 700 North Pearl Street 25th Floor, Dallas, Texas 75201, within the County  of **Dallas** at _____ o'clock __ .M. on the 07th day of September, 2016, by delivering to the within named **ASI Lloyds by Serving its Registered Agent Rodney D. Bucker by Certified Mail, Receipt #70160600000040173300, USPS Tracking Sheet Attached,** each, in person, a true copy of this **Citation, Plaintiff, Crescencio Lopez, Plaintiff's Original Petition to Defendant, ASI Lloyds by Serving its Registered Agent Rodney D. Bucker,** together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was ___ miles  and my fees are as follows:

**I certify that I am over the age of 18, have no interest in the above action, and a Certified Process Server, in good standing, in the judicial circuit in which the process was served.**

Subscribed and Sworn to before me on the 12 day
of Sept , 2016 by the affiant who is personally
known to me.

NOTARY PUBLIC

**Raul Davila**
SCH #11624  EXP 8/31/2018
**Davila Civil Process**
**P.O. Box 1733**
**Helotes, TX 78023**
**OFFICE # 210-275-4485**

JIMMY LEW, JR.
Notary Public
State of Texas
My Comm. Exp. 12-31-2018

P.O. Box 1733 Helotes, Texas 78023      210-275-4485      serves_u_right78@hotmail.com

7016 0600 0000 4017 3300

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

UMCEN-Y TX 73201

Certified Mail Fee $3.30

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $____
☐ Return Receipt (electronic)      $____
☐ Certified Mail Restricted Delivery $____
☐ Adult Signature Required         $____
☐ Adult Signature Restricted Delivery $____

Postage $____

Total Postage and Fees $____

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

09/03/2016

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Rodney D. Buckid
780 North Pearl Street 25th Floor
Dallas, Tx  75201

9590 9402 1909 6104 2849 85

2. Article Number (Transfer from service label)
7016 0600 0000 4017 3300

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X RECEIVE
☐ Agent
☐ Addressee

B. Received by (Printed Name)
SEP 0 1 2016
C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

Filed
9/13/2016 10:58:32 PM
Esther Degollado
District Clerk
RETURN Webb District
2016CVF002246 D2ne Gutierrez
2016CVF002246D2

**CITATION**

**THE STATE OF TEXAS**

**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT**: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO: DAVID PIERCE**
**196 PECAN LOOP**
**MCQUEENEY, TEXAS 78123 OR WHEREVER ELSE HE MAY FOUND.**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111TH DISTRICT COURT** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVF002246 D2 , styled:
**CRESCENCIO LOPEZ, PLAINTIFF**
**VS.**
**ASI LLOYDS AND DAVID PIERCE, DEFENDANT**
Said Plaintiff's Petition was filed on 08/24/2016 in said court by:
**ROBERT A POLLOM, ATTORNEY FOR PLAINTIFF**
**16500 SAN PEDRO STE 302**
**SAN ANTONIO, TX 78232**

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 31 day of August, 2016.

**C L E R K O F C O U R T**

| CALENDAR CALL COURT DATE: | ESTHER DEGOLLADO |
| --- | --- |
| 11/01/2016 AT 11:00A.M. | WEBB COUNTY DISTRICT CLERK |
| | P.O. BOX 667 |
| | LAREDO, TX 78042 |

A True copy of the original, I certify,
_____ day of September 20 16 BY :
ESTHER DEGOLLADO
Clerk of the District Courts and
Court at Law Webb County, Texas
Deputy

GLORIA G. NORIEGA



State of Texas                    County of Webb               111th District Court
                                                              Case # 2016CVF002246 D2

# OFFICER'S RETURN

---

### Plaintiff's Original Petition

Plaintiff: **Crescencio Lopez**

**vs.**

Defendant : **ASI Lloyds and David Pierce**

For:

**Robert A Pollom**

**Ketterman Rowland & Westlund**

**16500 San Pedro Ave # 302**

**San Antonio, Tx. 78232**

**(210) 490-7402**

Received by Josie M Barbosa on the <u>01st day of September, 2016 at 10:40 A.M.</u> to be served on **David Pierce, 196 Pecan Loop, McQueeney, Texas 78123**

I, Josie M Barbosa, being duly sworn, depose and say that on the **12th day of September, 2016 at 02:53 P.M. :**

**I, INDIVIDUALLY/PERSONALLY** by delivering to the within named **David Pierce**, each, in person, a true copy of this **Citation** together with the accompanying copy of the **Petition**, having first attached such copy of such Petition to such copy of Citation and endorsed on such copy of Citation the date delivery, to : **196 Pecan Loop, McQueeney, Texas 78123** and informed said person of the contents therein, in compliance with state statues.

**I certify that I am over the age of 18, have no interest in the above action, and a Certified Process Server, in good standing, in the judicial circuit in which the process was served.**

Subscribed and Sworn to before me on the _1st_ day
of _September_, _2016_ by the affiant who is personally
known to me.

_____

NOTARY PUBLIC

Josie M Barbosa
SCH #12232  EXP 8/31/2019
Davila Civil Process
P.O. Box 1733
Helotes, TX 78023
OFFICE # 210-275-4485

RAUL MORENO DAVILA
Notary Public, State of Texas
Comm. Expires 02-15-2020
Notary ID 130539817

P.O. Box 1733 Helotes, Texas 78023     210-275-4485     serves_u_right78@hotmail.com

Filed
9/14/2016 9:48:21 AM
Esther Degollado
District Clerk
Webb District
Rene Gutierrez
2016CVF002246D2

# Lugenbuhl

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
9311 BLUEBONNET BOULEVARD | SUITE A | BATON ROUGE, LA 70810
TEL: 504.568.1990 | FAX: 504.310.9195

LaDonna G. Schexnyder
lschexnyder@lawla.com

September 14, 2016

Clerk of Court
111th Judicial District Court
County of Webb
ATTN: RENE
1110 Victoria Street, Suite 203
Laredo, Texas 78040

> Re: Case No.2016CVF002246 D2; Crescencio Lopez vs. ASI Lloyds, et al
> In the 111th Judicial District Court; Webb County
> Our File No.: 36595-160613

Dear Sir/Madam:

We are in the process of filing a removal with the federal court. Per my phone conversation with Rene of your office, the total cost for the complete record is $31.00. Please accept the e-filing as payment for the complete record.

Once you have received the self-addressed stamped envelope, please mail a certified copy of the complete record, including but not limited to the civil case information sheet, civil process requests, citation issued to ASI Lloyds, certified mail receipt to serve ASI Lloyds, domestic return receipts, docket sheet and any and all documents filed in regards to the above mentioned matter.

Should anything further be needed in connection herewith, please advise.

Thank you for your courtesy and attention to this request.

Sincerely,

LaDonna G. Schexnyder

LGS/mah
Enclosures

A True copy of the original. I certify,
the _20th_ day of _September_ 20 _16_
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By _____ Deputy



Filed
9/14/2016 9:48:21 AM
Esther Degollado
District Clerk
Webb District
Rene Gutierrez
2016CVF002246D2

# Lugenbuhl

LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
A LAW CORPORATION

9311 BLUEBONNET BOULEVARD | SUITE A | BATON ROUGE, LA 70810
TEL: 504.568.1990 | FAX: 504.310.9195

LaDonna G. Schexnyder
lschexnyder@lawla.com

September 14, 2016

Clerk of Court
111th Judicial District Court
County of Webb
ATTN: RENE
1110 Victoria Street, Suite 203
Laredo, Texas 78040

> Re:   Case No.2016CVF002246 D2; Crescencio Lopez vs. ASI Lloyds, et al
> In the 111th Judicial District Court; Webb County
> Our File No.: 36595-160613

Dear Sir/Madam:

We are in the process of filing a removal with the federal court. Per my phone conversation with Rene of your office, the total cost for the complete record is $31.00. Please accept the e-filing as payment for the complete record.

Once you have received the self-addressed stamped envelope, please mail a certified copy of the complete record, including but not limited to the civil case information sheet, civil process requests, citation issued to ASI Lloyds, certified mail receipt to serve ASI Lloyds, domestic return receipts, docket sheet and any and all documents filed in regards to the above mentioned matter.

Should anything further be needed in connection herewith, please advise.

Thank you for your courtesy and attention to this request.

Sincerely,

LaDonna G. Schexnyder

LGS/mah
Enclosures

A True copy of the original, I certify,
the _____ day of _____ 20 16
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By _____ Deputy

# Envelope Information

**Envelope Id**
12688083

**Submitted Date**
9/14/2016 9:48 AM CDT

**Submitted User Name**
lschexnyder@lawla.com

# Case Information

**Location**
Webb County - District Clerk

**Category**
Civil - Contract

**Case Type**
Debt/Contract - Consumer/DTPA

**Case #**
2016CVF002246D2

**Firm Name**
Lugenbuhl Wheaton Peck Rankin &
Hubbard-New Orleans

**Filed By**
LaDonna Schexnyder

# Filings

**Filing Type**
EFile

**Filing Code**
Request

**Filing Description**
Complete Record Request

**Reference Number**
160613

**Filing Comments**
Complete Record Request

**Courtesy Copies**
mhein@lawla.com

**Filing Status**
Accepted

**Accepted Date**
9/14/2016 11:46 AM CDT

**Accept Comments**
THANK YOU FOR E-FILING WITH
WEBB COUNTY

## Lead Document

**File Name**
Ltr COC-Lopez-Complete Record
Request and Payment-9-14-
16.pdf

**Description**
Ltr COC-Lopez-
Complete Record
Request and Payment-
9-14-16.pd

**Security**
Does not contain
sensitive data

**Download**
Original File
Court Copy

# Fees

## Request

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| Copies - Certified (33 x $1.00) | $33.00 |
| | **Filing Total: $33.00** |

| | |
|---|---|
| Total Filing Fee | $33.00 |
| Payment Service Fee | $1.01 |
| Court E-File Fee | $2.00 |
| | **Envelope Total: $36.01** |

| | | | |
|---|---|---|---|
| **Party Responsible for Fees** | ASI Lloyds | **Transaction Amount** | $36.01 |
| **Payment Account** | Lugenbuhl Wheaton Peck Rankin & Hubbard | **Transaction Id** | 20276494 |
| **Filing Attorney** | LaDonna Schexnyder | **Order Id** | 012688083-1 |
| **Filer Type** | Not Applicable | **Transaction Response** | Payment Complete |

© 2016 Tyler Technologies                                    Version: 3.13.8.63